Opinion issued November 18, 2004











 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00654-CR




LEON DAVID LEE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 01-CR-2404




O P I N I O N
          Leon David Lee, appellant, pleaded not guilty to indecency with a child. The
jury found him guilty and found two enhancement paragraphs true. The jury assessed
punishment at 25 years’ confinement. In three points of error, appellant contends that
(1) the evidence is factually insufficient to support his conviction; (2) the trial court
erred in permitting the State to ask improper commitment questions during voir dire
on the one-witness rule; and (3) the trial court erred in admitting evidence concerning
appellant’s bond jumping as an inference of guilt during the guilt-innocence stage of
trial. We affirm.
          BACKGROUND
          In the fall of 2001, Alice Copelin and her then six-year-old daughter, B.C., the
complainant, began living with her mother, Marsha Wilson, and appellant, who
Wilson later married. During this time, appellant and Wilson watched B.C. in the
evenings and nights while Copelin was at work. Two months after moving in with
appellant and Wilson, Copelin noticed changes in B.C.’s behavior, including severe
nightmares, sleepwalking, and excessive masturbation. When Copelin asked B.C. if
appellant had ever touched her or done anything harmful to her, she answered that he
had. B.C. told Copelin that appellant had rubbed and squeezed “her private area, her
groin area.” In November 2001, a registered nurse at the Atlanta Memorial Hospital
in Atlanta, Texas, performed a medical examination on B.C. Copelin also took B.C.
to the Texarkana Children’s Advocacy Center where Shanon Tifton, an employee of
the center, video-recorded an interview with B.C. 
          Appellant was charged with indecency with a child. See Tex. Pen. Code.
Ann. § 21.11 (Vernon 2003). Gulf Coast Bail Bonds posted bond for appellant’s
release pending his trial. Trial was first set for October 28, 2002, a date of which
appellant was notified by an employee of the bonding company. However, appellant
stopped checking in with the bonding company’s employees on October 25, 2002,
three days before the trial date. The last contact appellant had with the bonding
company was by telephone from a Florida area code. On February 5, 2003, appellant
was in custody in Florida on felony bond forfeiture after a warrant had been issued
for his arrest. On February 16, 2003, Officer R. Friedley of the Galveston County
Sheriff’s Department flew to Florida and extradited appellant from Florida to Texas
for trial. 
          At trial, B.C. testified regarding several incidents where she was touched by
appellant. In addition, the State presented video testimony of B.C. being questioned
at the Texarkana Children’s Advocacy Center. The video was taken shortly after B.C.
made outcry statements to her mother, Copelin, and her grandmother, Wilson. 
Copelin and Wilson also testified for the State regarding the outcry statements B.C.
made to each of them separately.
Factual Sufficiency of the Evidence
          In his first point of error, appellant asserts that the evidence was factually
insufficient to support his conviction. We review the factual sufficiency of the
evidence by reviewing all of the evidence neutrally, not in the light most favorable
to the prosecution. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a
factual-sufficiency review, we may not substitute our own judgment for that of the
fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). The Court
of Criminal Appeals has recently discussed the factual-sufficiency standard: 
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). We must consider
the most important evidence that appellant claims undermines the jury’s verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          Appellant contends the evidence is factually insufficient because (1) B.C. was
unable to say exactly where she was touched by appellant; (2) no direct evidence put
appellant in violation of the Texas Penal Code when B.C. used the term “private” to
indicate where she was touched, but the term was never defined at trial; (3) the case
was predicated on only one witness, the complaining witness, B.C.; (4) B.C.’s
videotaped testimony contained suggestive questions and contradictory responses;
and (5) Dr. Lukifer’s testimony consisted of reading the medical history that
contained only hearsay and no physical evidence.



          In order to prove the offense alleged in the indictment incorporated in the
court’s instruction to the jury, the State was required to prove beyond a reasonable
doubt that the defendant, with intent to arouse or gratify his sexual desire, engaged
in sexual contact with a child, and that the victim was then a child younger than
seventeen and not the spouse of the defendant. See Tex. Pen. Code. Ann. § 21.11(a)
(Vernon 2003). For the offense of indecency with a child, “sexual contact,” in
relevant part, is defined as “any touching by a person, including through clothing, of
the anus, breast, or any part of the genitals of a child.” See Tex. Pen. Code. Ann.
§ 21.11(c)(1) (Vernon 2003).
          At trial, B.C. testified that appellant “touched me where he is not supposed to.” 
Specifically, she testified that appellant had touched her on the “bottom private” part
of her body, which she indicated was below her waist. However, she could not
remember if it was her front or back “private.” In her videotape testimony, she
indicated where appellant touched her by circling the area below her waist and
between her legs on an anatomically correct frontal drawing of a girl and calling it her
“titi.” B.C. stated that appellant touched her with his hand and that it happened on
more than one occasion. In addition to her testimony, B.C.’s mother, Copelin,
testified that B.C. pointed to “her private area, her groin area” in “the front” when
asked where she had been touched by appellant. According to the records of B.C.’s
medical examination at Atlanta Memorial Hospital, B.C. explained to the nurse what
happened with appellant: “Papa touched me in my privates. He touched my tootie. 
He touched me with his hands. He squeezed. He rubbed it.”
          The courts liberally construe the testimony given by child victims of sexual
abuse as not being as clear as that which may be given by an adult. See, e.g., Villalon
v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (cannot expect child victims
of crime to communicate with ability and clarity of mature adult); Guia v. State, 723
S.W.2d 763, 765 (Tex. App.—Dallas 1986, writ ref’d) (being touched where one
“uses the restroom” sufficient for sexual contact). As long as the child communicates
to the trier of fact that the touching occurred on a part of the body within the
definition of the statute, the evidence will be sufficient. See Clark v. State, 558
S.W.2d 887, 889 (Tex. Crim. App. 1977) (reaffirmed rule that “evidence [is]
sufficient to show a touching of the genitals or ‘sexual parts’ even though the victim
used language different from that in the statute to describe the part of the body
touched”); Guia, 723 S.W.2d at 766; Bellfey v. State, 638 S.W.2d 48, 51 (Tex.
App.—Houston [1st Dist.] 1982, no writ) (phrase “his you know what” was sufficient
to describe appellant’s penis, citing to testimony by other witnesses that, shortly after
the attack, complainant stated that appellant stuck “something in the complainant’s
butt”). Given the testimony of both B.C. and Copelin, we find that the evidence was
sufficient to show that the touching occurred in a place within the statutory definition
of sexual contact. See Tyra v. State, 534 S.W.2d 695, 697 (Tex. Crim. App. 1976),
overruled on other grounds, Cooper v. State, 631 S.W.2d 508 (Tex. Crim. App. 1982)
(testimony that accused put his hands “between my legs” sufficient to support
indictment alleging accused touched vagina); Thomas v. State, 399 S.W.2d 555, 556
(Tex. Crim. App. 1966) (testimony that accused touched complainant’s “private” and
“where I pee” sufficient to sustain allegation that accused touched child’s vulva).
          Although appellant complains that the case was predicated mainly on the
testimony of the complaining witness, B.C., which appellant claims contained
contradictory responses, this does not make the evidence insufficient. The testimony
of a child victim alone is sufficient to support a conviction for indecency with a child. 
See Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon Supp. 2004-2005); Tear v.
State, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref’d).
          In support of his assertion that B.C.’s videotaped testimony contained
suggestive questions and contradictory responses, appellant only cites the following
exchange: 
          [Shanon Tifton]: Where were you when grandpa touched you? 
          [B.C.]: On the couch. 
          [Shanon Tifton]: Was your mommy home? 
          [B.C.]: Yes, mama, mo, and Autumn. 
          [Shanon Tifton]: Were they in kitchen? 
          [B.C.]: No. Autumn can’t cook. 
          [Shanon Tifton]: Was Autumn in living room when it happened? 
          [B.C.]: No. Autumn was in kitchen. 
The determination of what weight to give contradictory testimonial evidence is within
the sole province of the jury, as it turns on an evaluation of credibility and demeanor. 
Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). Thus, the jury was
free to believe all or any part of the testimony of the State’s witnesses, and disbelieve
all or any part of the witness testimony. A court of appeals must show deference to
such a jury finding. Id. at 409. The jury found B.C.’s testimony credible, despite the
contradictions in the exchange quoted above. 
          Appellant’s claim that the evidence is rendered insufficient by the State’s use
of Dr. Lukifer’s testimony regarding B.C.’s medical history because it contained no
physical evidence is also without merit. The testimony of a single eyewitness is
sufficient to support a felony conviction. See Bowden v. State, 628 S.W.2d 782, 784
(Tex. Crim. App. 1982). Dr. Lukifer’s testimony established that the interview of
B.C. conducted by a registered nurse at Atlanta Memorial Hospital, and contained in
the medical records that Dr. Lukifer referred to in his testimony, followed the same
protocol used at medical facilities throughout Texas. The lack of physical or forensic
evidence is a factor for the jury to consider in weighing the evidence. See Johnson
v. State, No. 01-03-00319-CR, 2004 WL 1472064 at *3 (Tex. App.—Houston [1st
Dist.] July 1, 2004, no pet.). The State is permitted to put on such evidence to prove
its case, even if it is not physical evidence. A jury decision is not manifestly unjust
merely because the jury resolved conflicting views of evidence in favor of the State. 
Cain, 958 S.W.2d at 410.
          Examining all of the evidence neutrally, we conclude that the proof of guilt was
not so obviously weak as to undermine confidence in the jury’s determination; nor
was the contrary evidence so strong that it greatly outweighed the proof of guilt. 
Accordingly, we overrule appellant’s first point of error.
Commitment Question 
          In his second point of error, appellant contends that the trial court erred in
permitting the State to improperly commit veniremembers during voir dire regarding
their ability to convict on the testimony of one witness and granting the State’s six
motions to strike for cause for veniremembers who answered in the negative. The
question the State asked in the present case contained hypothetical facts about a trial
for indecency with a child where the victim, the only testifying witness at trial, was
a child under the age of seventeen who was out jogging by herself when someone
came up to her and, with the intent to arouse or gratify his sexual desire, either
touched her breasts or genitals. Appellant complains that the State improperly
committed prospective jurors to convict based upon the following question: Could
you reach a guilty verdict based on the testimony of one witness who you believed
beyond a reasonable doubt? 
A. Standard of Review
          The trial court has broad discretion over the process of selecting a jury. 
Barajas v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). Therefore, appellate
courts should not disturb a trial court’s ruling on the propriety of a particular question
during voir dire absent an abuse of discretion. Id. 
B. Analysis of the Questions 
          In Standefer v. State, the Texas Court of Criminal Appeals articulated a
three-prong test for determining whether a voir dire question calls for an improper
commitment. 59 S.W.3d 177, 179-82 (Tex. Crim. App. 2001). The first prong of the
test requires trial courts to determine whether a particular question is a commitment
question. Id. at 179. If the court determines that a particular question is a
commitment question, then the court must decide whether the question gives rise to
a valid challenge for cause. Id. at 181-82. If the question meets the “challenge for
cause” requirement, then the court must determine whether the question includes only
those facts necessary to test whether a prospective juror is challengeable for cause. 
Id.
1. Prong One: Were the State’s Questions “Commitment Questions”?
          A commitment question is a question that “commit[s] a prospective juror to
resolve, or to refrain from resolving, an issue in a certain way after learning a
particular fact.” Id. at 179. Commitment questions that attempt to bind prospective
jurors to a position, using a hypothetical or otherwise, are improper and serve no
purpose other than to commit the jury to a specific set of facts before the presentation
of any evidence at trial. Atkins v. State, 951 S.W.2d 787, 789 (Tex. Crim. App.
1997). However, as acknowledged by the Texas Court of Criminal Appeals, the rule
prohibiting the use of commitment questions during voir dire is easily stated, but not
necessarily easily applied. Standefer, 59 S.W.3d at 179. In Lydia v. State, the court
of criminal appeals recently clarified the scope of the “commitment question” rule,
holding that the question, “Do each of you feel as though you could evaluate a
witness and his testimony and decide if he’s being truthful without automatically
dismissing his testimony because of some criminal history?” was a commitment
question. 109 S.W.3d 495, 498-99 (Tex. Crim. App. 2003). The court reasoned that
the question attempted to commit the prospective jurors to resolve the issue of
witness credibility based on a particular fact—the witness’s criminal history. Id. at
499.
          In the present case, the State’s question required prospective jurors to resolve
the issue of whether they could convict a defendant based solely upon the testimony
of one witness. Therefore, pursuant to the reasoning set forth in Lydia, the question
posed by the State was a commitment question because it required prospective jurors
to commit to convict a defendant or to resolve issues concerning witness credibility
under a particular set of facts—the testimony of only one witness. Id. at 499; see
also Standefer, 59 S.W.3d at 180 (holding that question “Could you consider
probation in a case where the victim is a nun?” was a commitment question). 
However, whether the questions were proper requires further inquiry to determine if
each question could give rise to a valid challenge for cause.
2. Prong Two: Did the State’s Questions Lead to Valid Challenges?
          The primary objective of voir dire examination is to assemble a “competent,
fair, impartial, and unprejudiced jury to judge the facts of the case.” Staley v. State,
887 S.W.2d 885, 896-97 (Tex. Crim. App. 1994). Accordingly, the Texas Code of
Criminal Procedure allows either side to challenge a juror for cause when the
challenging side can show the juror is incapable or unfit to serve on the jury. Tex.
Code Crim. Proc. Ann. art. 35.16 (Vernon Supp. 2004-2005). A prospective juror
may be challenged for cause if he possesses a bias or a prejudice in favor of or against
the defendant that prevents him from impartially judging the credibility of a witness. 
Id. art. 35.16(a)(9). However, a prospective juror is not challengeable for cause based
on bias simply because he would be more skeptical of a certain type of witness. 
Jones v. State, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998). A challenge for cause
based on bias is proper only if a prospective juror harbors an automatic predisposition
toward one view of witness credibility because of knowledge of a certain fact about
the witness. See, e.g., Hernandez v. State, 563 S.W.2d 947, 950 (Tex. Crim. App.
1978) (op. on reh’g) (holding that prospective juror is challengeable for cause
because he did not believe a police officer would ever lie on the stand); Edwards v.
State, 882 S.W.2d 493, 495 (Tex. App.—Houston [1st Dist.] 1994, no pet.)
(recognizing that prospective juror is challengeable for cause if he indicates that he
would automatically disbelieve the testimony of a witness shown to have previously
lied).
          In the present case, the State inquired as to whether any of the prospective
jurors could convict a defendant based on the testimony of only one witness if they
believed that witness beyond a reasonable doubt. The State may challenge a juror for
cause when the juror would hold the State to a higher standard than “beyond a
reasonable doubt.” Coleman v. State, 881 S.W.2d 344, 360 (Tex. Crim. App. 1994). 
Consequently, a prospective juror is properly subject to challenge for cause if he
indicates that he could not convict based on the testimony of one witness, even if he
believed that witness beyond a reasonable doubt. See Castillo v. State, 913 S.W.2d
529, 533 (Tex. Crim. App. 1995). However, a prospective juror is not challengeable
for cause merely for setting his or her threshold for reasonable doubt higher than the
minimum required by law, e.g., a prospective juror who would require the testimony
of more than one witness in order to be convinced beyond a reasonable doubt. See
id. In the present case, the State was entitled to inquire about whether a prospective
juror could abide by the standard of proof set by the law or if the juror would hold the
State to a higher standard. See id. at 534-35. A negative response to the question
posed by the State would properly give rise to a valid challenge for cause. See id. at
533; Harris v. State, 122 S.W.3d 871, 881 (Tex. App.—Fort Worth 2003, pet. ref’d)
(holding three commitment questions proper, including question wherein State asked,
“How many people if selected on the jury could not find somebody guilty based upon
the testimony of just one witness, even if they believed that one witness beyond a
reasonable doubt?”).
          Because we have determined that a negative answer to the State’s commitment
question would lead to a proper challenge for cause, we proceed to the third prong of 
Standefer.
3. Prong Three: Did the State’s Question Include Only Necessary Facts?
          Even if the State’s question meets the challenge-for-cause requirement, the
question may be improper if it includes facts in addition to those necessary to
establish a challenge for cause. Standefer, 59 S.W.3d at 182. The Standefer Court
referenced Atkins v. State as a decision for which a voir dire question impermissibly
supplied more facts than necessary to sustain a challenge for cause. Id. In Atkins, the
State asked the prospective jurors the following question: “If the evidence, in a
hypothetical case, showed that a person was arrested and they [sic] had a crack pipe
in their [sic] pocket, and they [sic] had a residue amount in it, and it could be
measured, and it could be seen, is there anyone who could not convict a person, based
on that--.” 951 S.W.2d at 789. The key to understanding Atkins and the third prong
of Standefer is that the hypothetical used by the State in Atkins contained too many
case-specific facts. Id. at 789-90; Standefer, 59 S.W.3d at 182. The Texas Court of
Criminal Appeals stated that, although the State could have permissibly questioned
the jurors on their ability to follow a law that holds a person guilty of possession even
if the possession involved only a residue amount, the use of non-necessary facts
supplied by the State—arrest, possession, crack pipe, item found in defendant’s
pocket—rendered the question an improper commitment question. See id. at 789-90. 
The court reasoned that the question as posed by the State served “no purpose other
than to commit the jury to specific set of facts prior to the presentation of any
evidence at trial.” Id. at 789.
          In the present case, the State’s question did not attempt to commit the
prospective jurors in conjunction with specific facts of the case as in Atkins. Here,
the question was not unnecessarily fact intensive, but only included those facts
necessary to determine whether a prospective juror was challengeable for cause. The
State’s hypothetical fact-pattern that set up the alleged commitment question at issue
contained two facts similar to the case at bar–the fact that the offense alleged was
indecency with a child and the fact that the victim was a minor under the age of
seventeen. However, both these facts, the offense alleged and the approximate age
of the victim, were necessary for the hypothetical question to be useful in ascertaining
the views of the prospective jurors on an issue pertinent to a fair determination of the
case, the issue of whether jurors could convict based on the testimony of one witness
they believed beyond a reasonable doubt. The use of a hypothetical fact situation
during voir dire is permissible if it is used “to explain the application of the law.” 
Atkins, 951 S.W.2d at 789 (quoting Cuevas v. State, 742 S.W.2d 331, 336 n.6 (Tex.
Crim. App. 1987), overruled on other grounds by, Woolridge v. State, 827 S.W.2d
900, 906 (Tex. Crim. App. 1992)). The facts relayed in the State’s question did not
contain additional facts specific to the case at bar that are unnecessary to explain the
application of the law. Instead, the additional facts served to distinguish the
hypothetical, rather than identify it with the facts of this case. Therefore, the State’s
question is not improperly broad under the third prong of Standefer.
C. Proper Commitment Questions
          We hold that the trial court did not abuse its discretion by allowing the State
to ask prospective jurors whether they could convict on the testimony of only one
witness whom they believed beyond a reasonable doubt. The State’s question was
not designed to bind the prospective jurors to a position based on a particular set of
facts, but sought to elicit whether the jurors could impartially judge the credibility of
a witness and follow the law. 
          Accordingly, we overrule appellant’s second point. 
Inference of Guilt
          In his third point of error, appellant contends that the trial court erred in
admitting evidence concerning appellant’s bail jumping and flight to Florida as an
inference of guilt during the guilt-innocence phase of the trial.
          Evidence of flight or escape is admissible as a circumstance from which an
inference of guilt may be drawn. Foster v. State, 779 S.W.2d 845, 859 (Tex. Crim.
App. 1989); Cantrell v. State, 731 S.W.2d 84, 93 (Tex. Crim. App. 1987) (evidence
of bond forfeiture may be admissible as tending to show flight and flight, in the
context of bail-jumping, may be construed as evidence of guilt); Rumbaugh v. State,
629 S.W.2d 747, 752 (Tex. Crim. App. 1982) (absent showing by appellant that
escape was related to circumstances unrelated to the charged offense, evidence of
escape is admissible on the issue of guilt); see Tex. R. Evid. 401. To support the
admission of evidence of escape from custody or flight it must appear that the escape
or flight have some legal relevance to the offense under prosecution. Rumbaugh, 629
S.W.2d at 752; Wockenfuss v. State, 521 S.W.2d 630, 632 (Tex. Crim. App. 1975)
(evidence of flight, in the context of bail-jumping, may be construed as evidence of
guilt); Hodge v. State, 506 S.W.2d 870, 873 (Tex. Crim. App. 1974) (op. on reh’g)
(evidence of defendant’s escape and flight after he was placed in custody for offenses
for which he was on trial was admissible even though his subsequent escape was from
custody of officers from another jurisdiction who were investigating a matter other
than that for which he was on trial). To have such evidence excluded under relevancy
challenges, the burden shifts to the defendant to show affirmatively that the escape
and flight directly were connected to some other transaction, and not connected with
the offense at trial. Wockenfuss, 521 S.W.2d at 632; Hodge, 506 S.W.2d at 873.
          Appellant’s attempted escape clearly had relevance to appellant’s guilt of the
crime charged as it was committed three days before the first trial date for this case. 
Because he introduced no evidence concerning this issue, appellant failed to meet his
burden to show that the escape was connected to some other transaction or offense. 
Accordingly, we overrule appellant’s third point of error. 
CONCLUSION
          We affirm the judgment of the trial court.
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Publish. Tex. R. App. P. 47.2(b).