IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-181-05





LEON DAVID LEE, Appellant



v.



THE STATE OF TEXAS, Appellee
 




ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Price, J., delivered the opinion of the Court, in which Keller, P.J., and
Meyers, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., joined. 
Womack, J., dissented.

O P I N I O N 



 Today we review the appellant's complaint that the court of appeals "allowed the
resurrection of the one witness rule to be used during voir dire to eliminate qualified jurors
for cause." Our examination reveals that the one witness rule was not eliminated by our
jurisprudence, as the appellant claims, but merely clarified. We affirm the court of appeals'
determination that the venire persons were validly challenged for cause by the State's proper
commitment questioning. 

 I. Facts and Procedural History


 The appellant was charged with indecency with a child. During voir dire, the State
offered a hypothetical specifically to one juror, although the facts of the hypothetical were
presented before the entire panel, in which a fourteen-year-old jogger was touched on either
the breast or genitals as she ran near the beach. At the hypothetical assailant's trial, which
occurred two years after the fictional incident, the victim was the only witness and her
testimony was the only evidence offered against the assailant to convict him. After offering
this hypothetical, the State asked, ". . . assume for me that you do believe her testimony
beyond a reasonable doubt, you do believe her, and it meets all the elements of the charge,
indecency with a child by contact, assume for me that you do believe her beyond a reasonable
doubt, could you convict that hypothetical defendant of that charge or would you require
some other witness or some other evidence?" 

 After eliciting an affirmative response from the first juror, the State continued asking 
individual jurors a question similar to the one it asked the first juror. In some instances the
State asked a variation of the following question: "One witness, if you believed her beyond
a reasonable doubt could you convict at that point or would you require more?" In other
cases, the State simply followed up one juror's response by asking the next juror, ". . . what
do you think?" Several of the venire persons conceded that they would be unable to convict
in this scenario and the State moved the trial court to strike them for cause. The trial court
granted the State's motions to strike these venire persons, and the appellant was convicted. 
On appeal, the appellant complained that the State improperly committed prospective jurors
to convict based upon the question of whether they could convict if they believed the
testimony of one witness beyond a reasonable doubt.

 The court of appeals analyzed the State's questioning in light of Standefer v. State, (1)
which set forth a three-prong test to determine whether a voir dire question calls for an
improper commitment. (2) The first prong of Standefer asks whether a particular question is
in fact a commitment question. (3) The court of appeals held that the question posed by the
State was indeed a commitment question, and that this prong of Standefer was satisfied,
because "it required prospective jurors to commit to convict a defendant or to resolve issues
concerning witness credibility under a particular set of facts-the testimony of only one
witness." (4) 

 To address the second prong of Standefer, which asks whether the commitment
question gave rise to a valid challenge for cause, (5) the court of appeals held that "a
prospective juror is properly subject to challenge for cause if he indicated that he could not
convict based on the testimony of one witness, even if he believed that witness beyond a
reasonable doubt." (6) This, the court of appeals said, "would hold the State to a higher
standard than 'beyond a reasonable doubt.'" (7)

 Finally, the court of appeals analyzed the third prong of Standefer, asking whether the
question included only "necessary facts." (8) According to the court of appeals, the "key" to
understanding the third prong of Standefer is that a hypothetical cannot contain "too many
case-specific facts." (9) The court of appeals held that the State did not attempt to commit the
prospective jurors in conjunction with specific facts of the case because "the question was
not unnecessarily fact intensive, but only included those facts necessary to determine whether
a prospective juror was challengeable for cause." (10) Having evaluated the State's commitment
question according to the three-prong test of Standefer, the court of appeals held that the
question was "not designed to bind the prospective jurors to a position based on a particular
set of facts, but sought to elicit whether the jurors could impartially judge the credibility of
a witness and follow the law." (11) 

 We have granted the appellant's petition to examine his claim that the court of appeals
"allowed the resurrection of the one witness rule to be used during voir dire to eliminate
qualified jurors for cause."

II. Law and Analysis

 The appellant claims that Standefer "expressly outlawed the one witness rule" and that
the court of appeals has improperly "resurrected" it by holding that "a prospective juror is
properly subject to challenge for cause if he indicated that he could not convict based on the
testimony of one witness, even if he believed that witness beyond a reasonable doubt." (12) 
Essentially, the appellant is concerned about the court of appeals's evaluation of the second
prong of Standefer, which asks whether the commitment question gave rise to a valid
challenge for cause. (13) His argument is that the "one witness rule" has been "expressly
outlawed" so that a valid challenge for cause could not result from its use. 

 To support his claim that the one witness rule has been "expressly outlawed," the
appellant looks to a footnote in the Standefer decision, which says that the bare question,
"Could you find someone guilty on the testimony of one witness?," is improper. (14) In Castillo
v. State we did indeed hold that commitment to such a question would not give rise to a valid
challenge for cause, because "before the trial court may sustain a State's challenge for cause
on the ground that the venire person will not convict on the testimony of a single eyewitness,
it must be demonstrated to the trial court that the venire person's categorical refusal is
predicated upon something other than his understanding of proof beyond a reasonable
doubt." (15) "Otherwise," we pointed out, "there is no indication the [venire person] cannot
follow the law, and the State has failed to carry its burden to show the [venire person] should
be excused." (16) 

 The appellant's reliance on Standefer as having "expressly outlawed" the one witness
rule, however, is misguided. In Castillo, we identified a use of the "one witness rule" that
would give rise to a valid challenge for cause. (17) For example, a juror is validly challenged
for cause if he acknowledges in his voir dire that "even if [he] heard one eyewitness and [he]
believed the witness beyond a reasonable doubt and that eyewitness' testimony proved the
indictment beyond a reasonable doubt, [he] would still require additional evidence before
[he] would return a verdict of guilty[.]" (18) That juror "was therefore challengeable for cause
because he would not convict on the basis of a single eyewitness even if that was enough to
convince him of guilt beyond a reasonable doubt." (19) Such a juror "has an agenda of his own
for conviction, but one which bears no relation to the law," and is properly challenged for
cause. (20) Thus, the one witness rule was never "outlawed," though it was examined and
clarified by this Court's authoritative jurisprudence. In that sense, the court of appeals
cannot be faulted for "resurrecting" the one witness rule, as it was never dispatched.

 Having concluded that the court of appeals did not improperly resurrect an "outlawed"
legal principle, our inquiry, then, is whether the commitment question posed by the State
"demonstrated to the trial court that the venire person's categorical refusal was predicated
upon something other than his understanding of proof beyond a reasonable doubt." (21) The
rule is clearly set forth in Castillo: If these jurors were challenged for cause simply because
they needed more than one witness to convict, then they were invalidly challenged for cause. 
If they were challenged for cause because they could not convict based upon one witness
whom they believed beyond a reasonable doubt, and whose testimony proved every element
of the indictment beyond a reasonable doubt, then they were validly challenged for cause. (22) 


 The State's original question to the first juror was: ". . . assume for me that you do
believe her [the single witness's] testimony beyond a reasonable doubt, you do believe her,
and it meets all the elements of the charge, indecency with a child by contact, assume for me
that you do believe her beyond a reasonable doubt, could you convict that hypothetical
defendant of that charge or would you require some other witness or some other evidence?" 
Clearly, this question goes beyond the abbreviated question identified in Castillo, because
it elicits more than whether the juror could convict with the testimony of one witness alone. (23) 
It goes on to ask whether the juror could convict on the one witness's testimony if the juror
"believed [the witness] beyond a reasonable doubt" and the witness's testimony was
sufficient to convince the juror of "all the elements of the charge" of "indecency with a
child." This language is consistent with the language of Castillo that gave rise to a valid
challenge for cause because a juror acknowledged in his voir dire that "even if [he] heard one
eyewitness and [he] believed the witness beyond a reasonable doubt and that eyewitness'
testimony proved the indictment beyond a reasonable doubt, [he] would still require
additional evidence before [he] would return a verdict of guilty[.]" (24) 

 The language used by the State that was appropriate under Castillo was limited to the
first juror, however. Never again in the State's questioning did the State refer to being
convinced as to the elements of the charge of indecency with a child beyond a reasonable
doubt. For example, in some instances, the State merely called a juror by name after the
previous juror answered the question or asked only "What do you think?" Viewed in the
abstract and singularly, these questions arguably do not flesh out each juror's view on
whether he or she would convict based on one witness they believed by a reasonable doubt
who convinced them of the elements of a crime. But we do not view the questioning of each
juror in isolation. In context, these later questions appear to be merely short-hand renditions
of the original question that properly elicited whether the venire persons could follow the
law, and we think it reasonable to presume the venire persons understood the later questions
in this manner. Therefore, the court of appeals was correct in holding that the commitment
gave rise to a valid challenge for cause. 

III. Conclusion


 The court of appeals did not err in affirming the appellant's conviction for indecency
with a child. We affirm the judgment of the court of appeals. 

Delivered: May 24, 2006


Publish.
1. 

 59 S.W.3d 177, 179-82 (Tex. Crim. App. 2001). 
2. Lee v. State, 176 S.W.3d 452 (Tex. App. 2004)
3. 59 S.W.3d at 179.
4. Lee, 176 S.W.3d at 460 (citing Lydia v. State, 109 S.W.3d 495, 499 (Tex. Crim. App. 2003)).
5. 59 S.W.3d at 181-82.
6. Lee, 176 S.W.3d at 460 (citing Castillo v. State, 913 S.W.2d 529, 533 (Tex. Crim. App.
1995)). 
7. Id. (citing Coleman v. State, 881 S.W.2d 344, 360 (Tex. Crim. App. 1994)).
8. Id., at 461.
9. Ibid.
10. Ibid.
11. Id., at 462.
12. Lee, 176 S.W.3d at 460 (citing Castillo v. State, 913 S.W.2d 529, 533 (Tex. Crim. App.
1995)). 
13. 59 S.W.3d at 181-82.
14. Id., at n.28.
15. 913 S.W.2d 529, 534 (Tex. Crim. App. 1995).
16. Id., at 534.
17. Ibid. (citing Caldwell v. State, 818 S.W.2d 790, 796 (Tex. Crim. App. 1991)).
18. Ibid. (citing Caldwell v. State, 818 S.W.2d 790, 796 (Tex. Crim. App. 1991)).
19. Ibid. 
20. Id., at 533-34.
21. 913 S.W.2d 529, 534 (Tex. Crim. App. 1995).
22. Id. at 533-34.
23. Ibid.
24. Id. (citing Caldwell v. State, 818 S.W.2d 790, 796 (Tex. Crim. App. 1991)).