Opinion issued
July 7, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00730-CR

———————————

ELTON
RANKIN, Appellant

V.

THE
STATE OF TEXAS, Appellee



 



 

On Appeal from the 174th
District Court 

Harris County, Texas



Trial Court Case No. 1235884

 



 

 

 

 

 

 

MEMORANDUM
OPINION

          A
jury found appellant, Elton Rankin, guilty of the offense of burglary of a
habitation with the intent to commit theft.[1]  After finding two felony enhancement
paragraphs to be true, the jury assessed appellant’s punishment at life in
prison.[2]

          We
affirm. 

Background

          Upon
returning from her walk, Harriet Cobb entered her home and found appellant,
whom she did not know, in her bedroom. 
Appellant was rummaging through her belongings.  Cobb saw that appellant had a screwdriver in
his hand.  Appellant had entered Cobb’s
home by removing an air-conditioning unit from the window.  

          Fearing
appellant, Cobb fled her home and stood behind the house for a short time.  She then went to the front of her house saw
that the door was open.  She went inside
and called 9-1-1.  As she was on the
telephone, Cobb saw appellant at the end of the block near her neighbor’s
fence.  She gave a physical description
of appellant to the dispatcher.  

Cobb went back to her house
and discovered that $200 in cash was missing. 
She had kept the money in the area of her bedroom where she had seen
appellant rummaging.  

Officer T. Wiseman of the
Houston Police Department was dispatched in response to Cobb’s 9-1-1 call.  Cobb reported to the officer that $200, a
television, and jewelry had been taken from her home.  

          Meanwhile,
about one-half mile from Cobb’s house, Jerry Young was in his mother’s house,
lying in bed.  Young heard a noise.  He thought it was his mother returning home
with groceries and got up to help her. 
Young observed that the hinges on the back door were broken and saw that
someone was on the other side kicking it. 
When he heard Young, the person on the other side of the door ran away.  Young then saw appellant walk past a window of
the house.  Young went outside and saw
appellant walking toward the freeway.  Young
flagged down a police car and told the officer what had happened.

          Leonard
Murphy, who lived close to Young’s home and, a three to four minute walk from
Cobb’s home, saw appellant outside his home. 
Murphy thought appellant was acting suspiciously.  Murphy saw a police car and pointed appellant
out to the officers.  

          The
police arrested appellant.  A screwdriver
and an ice pick were recovered from appellant’s person.  Cobb was brought to the scene and identified
appellant as the person she had seen in her home.  Young also identified appellant as the person
he had seen outside his mother’s house.  

          Appellant
was indicted for the offense of burglary of a habitation with the intent to
commit theft.  Officer Wiseman, the
police officer who responded to and investigated the burglary at Cobb’s house,
testified at trial.  On
cross-examination, defense counsel asked Officer Wiseman, “And you arrested [appellant]
based on what?”  Officer Wiseman
responded, “On a witness’s statement.  There
was a witness out there and that witness—that particular witness said that this is the guy
who kicked in at another address. . . .” 
The defense made no objection to the testimony.

          During
a recess and outside the presence of the jury, the prosecution acknowledged
that the defense had filed a motion in limine regarding the admission of
extraneous offenses.  The State informed
the trial court that it wanted to elicit testimony regarding an extraneous
offense.  Specifically, the prosecutor
stated, “There are allegations that the defendant also kicked in—kicked Jerry Young’s door.  Mr. Young is here to testify . . . to the fact
that the defendant kicked his door.”  The
prosecutor continued, “That goes to how the defendant was actually detained in
this case when Ms. Cobb comes in to identify him as the person that was in her
home.”  The prosecution also asserted
that the testimony would also show a “consciousness of guilt” because appellant
“was trying to escape from the police” when he kicked in Young’s door.  

          The
defense indicated that it was opposed to Young’s testimony regarding appellant
kicking in the door, but did not offer a specific reason at that point.  The trial court ruled that the evidence was
allowed.  

          After
this exchange, cross-examination of Officer Wiseman continued.  The defense asked the officer, “Having not
written down in your offense report a description of the clothing, what led you
to believe that Mr. Rankin matched enough of the description to be arrested in
this case?”  Officer Wiseman responded, 

There was a call and you could hear other officers.  And at that time the officer said that someone
flagged him down in regards to a person who kicked in another house.  When they say it could be possibly related to
your case, I find that is important for me to know that I need to detain him
and to see—to make
sure without that information—or
without that it’s hard to even have a particular suspect in the case.

 

When the State called Jerry Young to testify
regarding appellant’s kicking in the door, appellant objected based on Rule of
Evidence 404(b) and asserted that such evidence would “be more prejudicial than
probative.”  The State responded by
stating that Young’s testimony, regarding appellant’s kicking in the door, was
not being offered as character evidence, rather, “[i]t’s being offered to
overcome any issues relating to identity.” 
The State also pointed out, “This evidence has already come out before
the jury.  [Officer Wiseman] testified
several times that the reason she left the complaining witness’s home was to
investigate a person who was seen in the neighborhood kicking down the door.  The inference has already been made.  This goes to identity and to investigation . .
. .”  

The trial court overruled
appellant’s Rule 404(b) objection.  Young
gave testimony indicating that appellant kicked in the door at Young’s
home.  The evidence also showed that, as
a result of Young’s alerting the police following the incident, appellant was
arrested and charged with the burglary of Cobb’s home. 

          The
jury found appellant guilty of the offense of burglary of a habitation with the
intent to commit theft and assessed his punishment at life in prison.  Appellant now appeals.  In one issue, appellant asserts that the
trial court erred in overruling his Rule 404(b) objection to Young’s testimony.
 

Admission of Young’s
Testimony 

A.      Standard of Review

          When
reviewing a trial court’s decision to admit extraneous-offense evidence, an
appellate court applies an abuse-of-discretion standard.  See De
La Paz v. State, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).  A trial court abuses its discretion only when
its decision lies “outside the zone of reasonable disagreement.”  Id.
at 343–44.

 

 

B.      Analysis

          Pursuant
to Rule of Evidence 404(b), “[e]vidence of other crimes, wrongs or acts” may
not be admitted during the guilt-innocence phase of trial “to prove the
character of a person in order to show action in conformity therewith.”  Tex. R.
Evid. 404(b).  The Court of
Criminal Appeals has explained, “Rule 404(b) is a rule of inclusion rather than
exclusion.  The rule excludes only that
evidence that is offered (or will be used) solely for the purpose of proving
bad character and hence conduct in conformity with that bad character.”  De La
Paz, 279 S.W.3d at 343.  “Extraneous
offense evidence of ‘other crimes, wrongs, or acts’ may have
noncharacter-conformity relevance when it tends to make the existence of a fact
that is of consequence to the determination of the action more or less probable
than without the extraneous offense evidence.” 
Burks v. State, 227 S.W.3d 138,
148 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  

          Evidence
of an extraneous offense may be admissible to show consciousness of guilt.  Id.;
see Ransom v. State, 920 S.W.2d 288, 299
(Tex. Crim. App. 1994) (holding that evidence of assault on prosecutor and
defense counsel in courtroom admissible as consciousness of guilt without
violating rule 404(b)).  Texas law has
long recognized that evidence of flight or escape may be admissible evidence
from which an inference of guilt may be drawn, subject only to the requirement
of relevancy to the offense under prosecution.  Id.;
see, e.g., Alba v. State, 905 S.W.2d
581, 586 (Tex. Crim. App. 1995); Bigby v.
State, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994); Burks v. State, 876 S.W.2d 877, 903 (Tex. Crim. App. 1994); Cantrell v. State, 731 S.W.2d 84, 92
(Tex. Crim. App. App. 1987); Foster v.
State, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989); Rumbaugh v. State, 629 S.W.2d 747, 752 (Tex. Crim. App. 1982); Lee v. State, 176 S.W.3d 452, 462 (Tex. App.—Houston [1st Dist.] 2004), aff’d on other grounds, 206 S.W.3d 620
(Tex. Crim. App. 2006).

          In
addition, the State is generally “‘entitled to show circumstances surrounding
an arrest,’” because evidence of these circumstances, including the defendant’s
resistance, may also demonstrate, as here, how police located, pursued, and
apprehended the defendant.  Burks, 227 S.W.3d at 148 (citing Cantrell, 731 S.W.2d at 92).  “Flight is no less relevant if it is to avoid
arrest.”  Id. (citing Burks, 876
S.W.2d at 903; Foster, 779 S.W.2d at
859).

From Young’s testimony, the
jury could have reasonably inferred that appellant kicked in Young’s door in an
attempt to evade detection by authorities following the burglary of Cobb’s home.  The evidence showed that Young’s house was
not far from Cobb’s house and that, when he kicked in the door, not much time
had elapsed since appellant had burglarized Cobb’s home.  The evidence, including Officer Wiseman’s
testimony, also indicated that Young’s report of his door being kicked in resulted
in appellant’s arrest a short time later. 
Young’s testimony provided context to the circumstances leading to appellant’s
arrest.  

          In
sum, Young’s testimony that appellant kicked in the door at Young’s house had
logical relevance beyond character conformity. 
It was relevant and admissible, without violating rule 404(b), to show appellant’s
consciousness of guilt with respect to the burglary of Cobb’s home and to show
the circumstances of appellant’s arrest. 
See Burks, 227 S.W.3d at 148–49. 
We hold that the trial court did not abuse its discretion in admitting
Young’s testimony. 

          We
overrule appellant’s sole issue.

Conclusion

          We
affirm the judgment of the trial court. 

 

 

Laura Carter Higley

                                                                   Justice


 

Panel consists of
Justices Keyes, Higley, and Yates. [3]

 

Do not
publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. § 30.02(a)(1)
(Vernon 2011).

 





[2]           See
Tex. Penal Code Ann. § 12.42(d)
(Vernon 2011).





[3]           The Honorable Leslie Brock Yates,
former Justice, Court of Appeals, Fourteenth District of Texas at Houston,
participating by assignment.