# NO. 12-19-00145-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK VANHOUTEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mark Vanhouten appeals his conviction for continuous sexual abuse of a child. In two issues, Appellant contends that the evidence is legally insufficient to support the trial court's judgment. We affirm.

### BACKGROUND

Appellant was charged by an amended indictment with continuous sexual abuse of a child. Specifically, the indictment alleged that Appellant committed the charged offense by, with the intent to arouse or gratify his sexual desire, engaging in sexual contact with the victim, A.V., by touching her genitals and by causing her to touch his genitals, by intentionally and knowingly causing the penetration of A.V.'s anus by Appellant's hand and finger, and by intentionally and knowingly causing the penetration of A.V.'s sex organ by a vibrator.

Appellant pleaded "not guilty," and the matter proceeded to a jury trial. At the conclusion of trial, the jury found Appellant "guilty" as charged. Following a trial on punishment, the jury assessed Appellant's punishment at imprisonment for twenty-five years. The trial court sentenced Appellant accordingly, and this appeal followed.

In his first issue, Appellant argues that the evidence is legally insufficient to support the trial court's judgment. In his second issue, he argues that the trial court erred in denying his motion for directed verdict.

**Standard of Review**

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Rodriguez v. State*, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. *Id.* at 15. Juries are not permitted

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

to reach conclusions based on mere speculation or factually unsupported inferences or presumptions. *Id.* An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

## Discussion

To meet its burden of proof that Appellant committed the charged offense, the State was required to prove that he, during a period of thirty or more days in duration, committed two or more of the alleged acts of sexual abuse at a time when he was seventeen years of age or older and the victim is a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(b) (West 2019).

The record in the instant case reflects that A.V. was born on July 3, 2006, and, at all times relevant to the charged offense, was under age fourteen. The record further reflects that A.V.'s mother testified at trial that in October 2016, A.V. tearfully told her that Appellant, who is her paternal grandfather, had been "messing with her" when she most recently visited him at his house. A.V.'s mother testified that A.V. shared details of the most recent incident with her and described other incidents that had occurred over the preceding years. Specifically, A.V. described to her mother a prior incident that occurred in the kitchen of Appellant's residence when A.V. was between six and eight-years-old, wherein Appellant pulled down his pants, put his hand around A.V.'s hand, and made her "squeeze his privates really hard." A.V.'s mother further testified that A.V. described another incident to her that occurred during this same time period when Appellant was sitting next to her on the couch at his residence, put his hand in her panties, and tried to "put his fingers in her." A.V.'s mother stated that A.V. elaborated that Appellant tried to put his fingers in her on other occasions.

A.V.'s mother contacted her ex-husband, A.V.'s father. They contacted the authorities the following day. After speaking with the police, A.V.'s mother took A.V. to the Children's

Advocacy Center. There, A.V. provided her account of multiple instances of sexual abuse to Sexual Assault Nurse Examiner Meghan Richardson. A.V. related to Richardson that when she was eight years old, she was sleeping at Appellant's house and awoke to discover he had his finger in her anus. A.V. also recounted an incident when Appellant made her squeeze his penis. She further related the details of the October 2016, incident as follows:

> Well, my grandpa -- every time I go over there, I try to go to sleep; and he touches me. And I tell him to stop, but he doesn't. Sometimes I run into my friend's room. And when I come back, he's gone.
>
> This Friday, we came back from a restaurant, and my brother fell asleep on the couch and I started falling asleep on the couch. But before I did, my grandpa started touching me. And he was at the end of my feet. I had a cheetah nightgown on and panties on.
>
> He pulled out a little vibrating pink thing and he tried to jam it in my front private spot. It was little and pink and oval and had a button on the bottom.
>
> He was touching my boobs with his hand and his mouth and was sucking on the end of my boobs. It hurt when he did the pink vibrating thing, and I started kicking him.
>
> And when he pulled out his private spot and he started squeezing it and stuff started coming out of it, it was white. And he wiped it off with a blue towel.
>
> I ran to another room and stayed in there for a couple minutes. And I went to sleep for a couple minutes and I came back into the living room. And he was in his room and his door was locked. I tried to open it, and it was locked. And his light was on.

Following Appellant's arrest, a search of his residence resulted in the discovery of, among other things, multiple pink, vibrating sex toys.

A.V. testified at trial. Although there were some inconsistencies between her live testimony, her statements to the forensic interviewer, and the details of events as first she related them to her mother, the essence of her account of the incidents remained constant. Specifically, she stated that, on one occasion, Appellant made her touch his penis. She further stated that Appellant touched her genitals with his fingers on multiple occasions. She acknowledged the veracity of her previous statement that Appellant tried to "jam" a pink vibrator into her genitals. And lastly, she testified that, on another occasion when she was seven or eight-years-old, she awoke to discover Appellant with his finger in her "bottom." A.V. further testified that these events occurred over a period of time greater than one year.

Appellant argues that (1) the amount of DNA found on a swab from A.V.'s breast was, at most, equally consistent with secondary contact common among people who occupy the same

household as it was with direct transfer,[2] (2) none of the sex toys recovered from Appellant's residence contained A.V.'s DNA, (3) there was no DNA evidence to support penetration, (4) there was evidence that A.V. was aware of allegations made against Appellant by another person, which were similar to certain allegations she made, and (5) there was evidence that she previously viewed a television program involving a girl accusing a family member of sexual assault.

We have reviewed the entirety of the record in the instant case in the light most favorable to the jury's verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789. Having done so, we remain mindful that a jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee***, 176 S.W.3d at 458. Moreover, we note that the testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. ***Garner v. State***, 523 S.W.3d 266, 271 (Tex. App.–Dallas 2017, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West Supp. 2019).

Here, the jury was able to consider both A.V.'s prior statements and her live testimony that Appellant touched her genitals, caused her to touch his penis with her hands, penetrated her anus with his finger, and attempted to "jam" a pink vibrator into her genitals.[3] It exclusively was the jury's role to consider A.V.'s statements to her mother and Richardson along with her live testimony, to resolve any inconsistencies between her prior statements and her live testimony, and, ultimately, to determine whether A.V. was truthful or whether she fabricated these events. *See **Hooper***, 214 S.W.3d at 15–16. In making its determination, the jury was able to consider this testimony in conjunction with all the evidence of record including officers' discovery of multiple pink vibrating sex toys similar to those A.V. described in her testimony.

Based on our review of the record we conclude that from A.V.'s prior statements and live testimony, the jury reasonably could have found that Appellant, during a period of thirty or more days in duration, committed two or more acts of sexual abuse at a time when he was seventeen

---

[2] An "act of sexual abuse" includes indecency with a child if the actor committed the offense in a manner *other* than by touching the breast of a child. *See* TEX. PENAL CODE ANN. § 21.02(c)(2) (emphasis added).

[3] "Penetration" occurs when there is "tactile contact beneath the fold of complainant's external genitalia." ***Cornet v. State***, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012). It is not inaccurate to describe conduct as a "penetration," so long as the contact with the complainant's anatomy reasonably could be regarded as more intrusive than contact with her outer vaginal lips. *See **id.***

years of age or older and A.V. was a child younger than fourteen years of age.  *See* TEX. PENAL CODE ANN. §§ 21.02(b), 21.11(a)(1), (c) (West 2019) (indecency with a child by sexual contact with child or by causing child to engage in sexual contact with actor), 22.021(a)(1)(B)(i) (West 2019) (aggravated sexual assault by causing penetration of anus or sexual organ of child). Therefore, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's first and second issues are overruled.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 9, 2020**

**NO. 12-19-00145-CR**

**MARK VANHOUTEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0797-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*