# NO. 12-21-00156-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CINDA MARIE WOFFORD,* <br> *APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Cinda Marie Wofford appeals her conviction for theft of property with a value of less than $2,500 with two prior theft convictions. In one issue, she argues that the evidence is legally insufficient to support the trial court's judgment. We affirm.

## BACKGROUND

Appellant was charged by indictment with theft of property with a value of less than $2,500 and pleaded "not guilty." The indictment further alleged that Appellant twice had been previously convicted of theft. The matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged. Following a trial on punishment, the trial court sentenced Appellant to imprisonment for twelve months, and this appeal followed.

## EVIDENTIARY SUFFICIENCY

In her sole issue, Appellant argues that the evidence is legally insufficient to support the trial court's judgment.

**Standard of Review and Applicable Law**

The ***Jackson v. Virginia***[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. ***Id.*** at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. ***Id.*** An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. ***Id.*** at 16.

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

## Evidence at Trial

At trial, Wal-Mart Loss-prevention Officer Lisa Gonzales testified that her job at the Troup Highway Wal-Mart location in Tyler, Texas entails her "walking the floor" and looking for people attempting to steal merchandise. The State introduced video surveillance footage, which was played for the jury while Gonzales's testimony was interspersed with the video as narration. Gonzales stated that she was working on April 8, 2020, when she noticed Appellant and another woman identified as Shamica Hill, who were adding clothing items to the basket of a motorized shopping cart. According to Gonzales, the fact that the basket also contained a purse that appeared to be mostly empty caused her to become suspicious of the two women's activities. She testified that her suspicion became further elevated when she saw Appellant remove a pair of shorts from the hanger before placing them in the cart's basket. She explained that this is a common practice when people are planning to steal clothing because removing the item of clothing from the hanger makes it easier to conceal. She subsequently observed Appellant step out of the motorized cart, walk behind a display wall, and put items of clothing in the purse. Gonzales testified that she followed the two women as they moved to the phone accessories aisle, where she observed Appellant remove a phone cord from its packaging and put the cord in her pocket. Gonzales further testified that the two women then went to the boys' clothing department, where she witnessed Appellant discard an empty piece of product packaging and hide store merchandise in the purse. Gonzales stated that after Hill and Wofford paid for a few items at a self-checkout lane, she and two other Wal-Mart employees met them as they exited the store. According to Gonzales, Appellant denied she had stolen anything, but a moment later she removed a phone cord she had not purchased from her pocket, tossed it into the shopping cart basket, and left the premises while Hill remained behind. Gonzales testified that she emptied the contents of the purse into the shopping cart basket, among which were unpurchased items she

3

observed the two women secret in the purse. Gonzales stated that, at this point, Hill left the premises as well. Gonzales further stated that the value of the stolen goods was $152.46.

Tyler Police Department Detective Wayne Thomas testified that he contacted Appellant after the incident. During their conversation, according to Thomas, Appellant admitted that she opened packages and hid merchandise in a purse. The State introduced an audio recording of Thomas's conversation with Appellant, which was played for the jury.

Hill, who previously pleaded "guilty" to and was placed on community supervision for her role in the theft at issue, testified for the defense. During her testimony, Hill claimed sole responsibility for the theft. She further stated that Appellant did not shoplift any items and only discovered after the fact that Hill had done so. Lastly, Hill disagreed that the store's security footage depicted anything which contradicted her testimony.

**Discussion**

In order to prove that Appellant was "guilty" of theft, the State was required to demonstrate that she unlawfully appropriated the property with the intent to deprive the owner of the property without the owner's effective consent. *See* TEX. PENAL CODE ANN. § 31.03(a), (b) (West 2019). An "owner" is a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." *Id.* § 1.07(a)(35) (West 2021). "Possession" is defined as "actual care, custody, control, or management." *Id.* § 1.07(a)(39) (West 2021).

In her brief, Appellant confines her insufficiency argument to Hill's testimony that she alone committed the crime and Appellant had no knowledge of her actions. But in so doing, Appellant ignores Gonzales's testimony, the video surveillance footage, and her admission to Thomas. To be succinct, the evidence overwhelmingly supports that Appellant took merchandise belonging to Wal-Mart, secreted that merchandise in a purse or on her person, failed to pay for such merchandise, and attempted to leave the store with the merchandise and, thus, satisfies the elements of theft. *See id*. § 31.03(a), (b). Moreover, the jury was free to believe all or any part of Gonzales's and Thomas's testimonies and disbelieve all or any part of Hill's testimony. *See Lee*, 176 S.W.3d at 458. Therefore, because the jury reasonably could find beyond a reasonable doubt that Appellant committed theft, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 16, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 16, 2022**

**NO. 12-21-00156-CR**

**CINDA MARIE WOFFORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0997-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*