# NO. 12-17-00379-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRELL HARDY LACY,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Darrell Hardy Lacy appeals his conviction for misdemeanor driving while intoxicated. In one issue, Appellant argues that the evidence is insufficient to support his conviction. We affirm.

## BACKGROUND

Appellant was charged by information with driving while intoxicated and pleaded "not guilty." A jury found Appellant "guilty" as charged, and the matter proceeded to a punishment hearing before the court. Ultimately, the trial court sentenced Appellant to confinement for one hundred eighty days, and this appeal followed.

## EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the evidence is insufficient to support his conviction.

### Standard of Review and Governing Law

The ***Jackson v. Virginia***[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Rodriguez v. State*, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. *Id.* at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. *Id.* An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the charging instrument, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**Driving While Intoxicated**

To prove that Appellant is "guilty" of driving while intoxicated, the State was required to demonstrate that he was intoxicated while operating a motor vehicle in a public place. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2018); ***Banks v. State***, No. 12-03-00328-CR, 2004 WL 1486599, at *4 (Tex. App.–Tyler June 30, 2004, pet. ref'd) (mem. op., not designated for publication) ("The corpus delicti of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated"). "Intoxicated" means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011).

However, the substance that causes intoxication is not an element of the offense. ***Gray v. State***, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004). That is, unlike an element, the type of intoxicant is not the forbidden conduct, the required culpability, any required result, or the negation of any exception to the offense. *See **id.*** Instead, it is an evidentiary matter. *See **id.***; *see also* ***Delane v. State***, 369 S.W.3d 412, 418–19 (Tex. App.–Houston [1st Dist.] 2012, pet. ref'd) (the state can prove intoxication without proof of type of intoxicant). The DWI statute focuses on the acts of the defendant while intoxicated rather than the act of becoming intoxicated itself. *See **Gray***, 152 S.W.3d at 132.

Thus, under the statute, intoxication may be proven either by demonstrating (1) loss of normal use of mental or physical faculties or (2) an alcohol concentration in the blood, breath, or urine of 0.08 or more. *See **Kirsch v. State***, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). Moreover, a DWI conviction can be supported solely by circumstantial evidence. *See **Kuciemba v. State***, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).

Appellant argues that there is no evidence that he was intoxicated in that he had lost the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, drug, dangerous drug, or a combination of the same. More specifically, Appellant argues that the State failed to prove the cause of Appellant's apparent impairment since the record reflects police drew Appellant's blood to test for eight intoxicating substances and the results of the blood test were negative for all tested substances. But, as we have noted above, the State can prove intoxication without proof of an intoxicant. *See **Delane***, 369 S.W.3d at 418–19.

3

**The Evidence at Trial**

In the instant case, the record reflects that Sef McCartney called 9-1-1 to report a person who he claimed was driving recklessly on State Highway 31 in Smith County, Texas. According to McCartney's trial testimony, he was driving behind the vehicle and observed it continually drifting into the oncoming lane of traffic before returning to its own lane. McCartney further described how the vehicle then veered off the road onto the embankment before it returned to the roadway, continued to weave, and, eventually, came to a stop on the road's shoulder. McCartney stated that the driver exited the car without regard to oncoming traffic and that a car had to swerve to avoid hitting him. McCartney described the driver as seeming "extremely off" and incoherent. He further described how the driver stumbled and held onto the car as he made his way lethargically in front of it.

Texas Department of Public Safety Trooper Matthew Johnson testified that in response to a report of a reckless driver and a discussion with witnesses at the scene, he made contact with Appellant, whose car was parked on the shoulder of Highway 31 with its hood raised. As Appellant exited the nearby convenience store, Johnson observed that Appellant was walking slowly, "shuffling as he walked," and seemed unsteady on his feet. Johnson further observed that Appellant's speech was slow, he was slow to answer Johnson's questions, and he seemed confused as if he did not understand what Johnson was saying to him. Johnson also noticed that Appellant's vehicle had fresh mud caked on its side, in its wheels, and in its brake calipers.

Johnson described in extensive detail the three field sobriety tests he administered to Appellant[2] as a result of what he observed at the scene and his discussions with witnesses. Johnson testified about his experience with DWIs during his seven years as a trooper. He also discussed his "Advanced Road Impaired Driving Enforcement" training in detecting intoxication and certification in conducting field sobriety tests, including proficiency updates. He further noted that his experience has enabled him to distinguish between a tired driver and an intoxicated one. Ultimately, Johnson opined, based on his knowledge, training and experience, his observations of Appellant during the field sobriety tests, the statements from witnesses, and the condition of Appellant's vehicle, that Appellant was intoxicated. Johnson elaborated on this conclusion, stating

---

[2] Johnson stated that he did not seek to have Appellant complete the third "one leg stand" test because he did not believe Appellant had the balance to complete the test safely. But in his partial conduct of the test, he observed three clues—Appellant's swaying, using his arms to balance, and putting his foot down.

4

that Appellant was intoxicated to the point that he had lost the normal use of his mental and physical faculties and could no longer drive. Johnson disagreed with the notion that Appellant's poor performance on the field sobriety tests was the result of his being tired.

Moreover, the State offered a video taken from the dash camera in Johnson's patrol car of Johnson's encounter with Appellant and Appellant's performance of the field sobriety tests. The video was admitted into evidence and published to the jury.

Based on our review of the aforementioned evidence and the record as whole, we conclude that the jury could have found beyond a reasonable doubt that Appellant operated a motor vehicle in a public place while he was intoxicated to the point that he did not have the normal use of mental or physical faculties. *See* TEX. PENAL CODE ANN. §§ 49.01(2)(A), 49.04(a); *Gray*, 152 S.W.3d at 132; *see also Kuciemba*, 310 S.W.3d at 462; *Kirsch*, 306 S.W.3d at 743. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered January 16, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 16, 2019

NO. 12-17-00379-CR

**DARRELL HARDY LACY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the County Court at Law No. 2

of Smith County, Texas (Tr.Ct.No. 001-81992-16)

___

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*