# NO. 12-22-00194-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLINTON OKEETHE MORROW,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Clinton Okeethe Morrow appeals his conviction for assault on a peace officer. In one issue, he contends that the evidence is legally insufficient to support the trial court's judgment. We affirm.

## BACKGROUND

Appellant was charged by indictment with assault on a peace officer. The indictment further alleged that Appellant previously was convicted of felony driving while intoxicated. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. At the conclusion of trial, the jury found Appellant "guilty" as charged. Subsequently, the matter proceeded to a bench trial on punishment, at which Appellant pleaded "true" to the enhancement allegation. Following a trial on punishment, the trial court, having found the enhancement allegation to be "true," sentenced Appellant to imprisonment for forty years. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the evidence is legally insufficient to support the trial court's judgment.

## Standard of Review

The ***Jackson v. Virginia***[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. ***Id.*** at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. ***Id.*** An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. ***Id.*** at 16.

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**Discussion**

To satisfy its burden of proof that Appellant committed the offense of assault on a peace officer as charged in the indictment, the State was required to prove beyond a reasonable doubt that Appellant intentionally, knowingly, or recklessly caused bodily injury to a person, who he knew to be a peace officer,[2] while the officer lawfully was discharging an official duty. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b-2) (West Supp. 2022).

In the instant case, the record reflects that on November 2, 2020, Smith County Sheriff's Deputy Thomas Yarberry was dispatched to Melanie and Johnnie McComb's residence in response to Melanie's call, in which she stated that Appellant, her son, had assaulted them. Yarberry testified that he interviewed the McCombs, who related to him the details of the assault, and told him Appellant assaulted them. During that time, he further discovered that Appellant had an outstanding warrant for his arrest. Following the interview, he went outside the residence to search for Appellant. It was dark outside, but, using his flashlight, Yarberry located Appellant. At that time, Yarberry did not identify himself as a sheriff's deputy or tell Appellant he was under arrest. Instead, he asked Appellant to approach him. Appellant walked directly toward Yarberry, stated that he had done nothing wrong, and attempted to continue walking past Yarberry. As Appellant did so, Yarberry asked Appellant to put his hands behind his back and reached for Appellant in an attempt to handcuff him. At that moment, Appellant turned and struck Yarberry, which caused his bodycam to fall to the ground and stop recording. According to Yarberry's testimony, Appellant then placed him in a headlock, pulling so hard that Yarberry could not breathe and felt pain in the back of his neck. In response, Yarberry wrapped his arms around Appellant and caused them both to fall to the ground. Yarberry stated that he suffered

---

[2] We note that the indictment uses the term "police officer." *But see* TEX. PENAL CODE ANN. § 1.07(a)(36) (West 2021) ("Peace officer" means "a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure"); TEX. CODE CRIM. PROC. ANN. arts. 2.12 § 1, 3 (West Supp. 2022) ("peace officers" include sheriffs and their deputies, as well as police officers of an incorporated city); *see also Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (describing function on appeal of hypothetically correct jury charge).

injuries to his elbow and forearm as a result of the fall. At that point, he struggled for several seconds to escape Appellant's headlock, struck Appellant twice in the mouth to "gain compliance[,]" and placed him under arrest.

Appellant first argues that there is insufficient evidence that he knew Yarberry was a peace officer. However, the record reflects that (1) Appellant was present when Melanie called 9-1-1, (2) Yarberry arrived in a marked patrol vehicle and was in-uniform, (3) Appellant was facing Yarberry as he walked toward him and came within close proximity to him, and (4) Appellant protested his innocence when Yarberry told him to put his hands behind his back. Based on such evidence, we conclude that a jury reasonably could find beyond a reasonable doubt that Appellant knew Yarberry was a peace officer. *See, e.g.*, **Gokey v. State**, 314 S.W.3d 63, 67 (Tex. App.–San Antonio 2010, pet. dism'd) (jury permitted to infer that the appellant, who was facing deputy as he exited vehicle was aware that deputy wore a distinctive uniform indicating he was peace officer).

Appellant next argues that there is insufficient evidence to support that he acted intentionally, knowingly, or recklessly. Instead, he contends that the evidence reflects that he reacted involuntarily or reflexively to Yarberry's attempt to detain him. A person acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE ANN. § 6.03(a) (West 2021). A person acts knowingly "when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b). A person acts recklessly "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 6.03(c). A person's intent to commit a crime "can be inferred from [his] acts, words, and conduct[.]" **Kelly v. State**, No. 11-19-00331-CR, 2021 WL 5115492, at *3 (Tex. App.–Eastland Nov. 4, 2021, no pet.) (mem. op., not designated for publication) (citing **Patrick v. State**, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995)). Here, the evidence reflects that Appellant was aware that law enforcement had been contacted with regard to his assaulting his mother and step-father. When Yarberry encountered Appellant, he was in uniform and giving him instructions to approach him and put his arms behind his back. Thus, the jury reasonably could infer that Appellant was not surprised by the encounter. Further, the evidence is clear that after initially striking at Yarberry, Appellant put him in a headlock, held Yarberry so tightly that Yarberry could not breathe and felt pain in his neck, and did not relinquish the hold until Yarberry forcefully took him to the ground and

struggled to extricate himself. Based on the evidence of record, we are unable to conclude that a jury reasonably could find that Appellant's placing and holding Yarberry in a headlock to the point of impeding his breathing amounts to a reflexive or involuntary action. Instead, we conclude that the jury reasonably could have found beyond a reasonable doubt that Appellant acted intentionally, knowingly, or recklessly when he placed and held Yarberry in a headlock. *See Kelly*, 2021 WL 5115492, at *3. Therefore, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered May 17, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 17, 2023**

**NO. 12-22-00194-CR**

**CLINTON OKEETHE MORROW,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0571-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*