# NO. 12-24-00096-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONALD MIMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 85TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *BRAZOS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Donald Mims appeals his conviction for aggravated sexual assault of a child.[1]  In a single issue, Appellant contends the evidence is legally insufficient to support his conviction.  We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of a child.  The indictment also included an enhancement paragraph stating that Appellant had a previous felony conviction for obstruction/retaliation.  He pleaded "not guilty," and the matter proceeded to a jury trial.  The jury found Appellant "guilty."  At the punishment phase, Appellant pleaded "true" to the enhancement paragraph.  The jury ultimately sentenced Appellant to life imprisonment and a $10,000 fine.  This appeal followed.

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

In his sole issue, Appellant contends the evidence is insufficient to support his conviction.

**Standard of Review and Applicable Law**

The *Jackson v. Virginia*[2] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186.

A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Rodriguez v. State*, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. *Id*. at 15. Juries are not permitted to reach conclusions based on mere speculation or factually unsupported inferences or presumptions. *Id*. An inference is a conclusion reached by considering other facts and deducing a logical consequence from them,

---

[2] 404 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented.  *Id*. at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge.  *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried."  *Id*.

A person commits aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means if the victim is younger than fourteen years of age.  TEX. PENAL CODE ANN. § 22.021 (West 2019).  The testimony of a child complainant, standing alone and without corroboration, may be sufficient to support a conviction for aggravated sexual assault.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West 2023).

**Analysis**

The victim, M.M., testified that she, her mother, her brother, and Appellant lived on College Main Street when she was eleven or twelve years old.  At the time, Appellant was dating M.M.'s mother, but they were not yet married.  According to M.M., Appellant sexually assaulted her shortly after her father's death and her birthday in 2013.  Specifically, M.M. stated that while she was home sick from school and alone in the house with Appellant, he picked her up and took her to his "man cave" where he placed her on her stomach, covered her mouth, and put his penis in her vagina.  M.M. testified that Appellant continued to sexually assault her by placing his penis in her vagina multiple other times while they lived on College Main and after they moved to other residences.[3]  In addition, she testified that on one occasion, Appellant placed her on the couch and licked her vagina.  He also made her put his penis in her mouth.  The "relationship" with Appellant continued after she turned seventeen, and she did not make an outcry until 2021.

Valerie Carroll, M.M.'s grandmother, testified that M.M.'s father was murdered on January 6, 2013, when M.M. was eleven or twelve years old.  She described the relationship between Appellant and M.M. as odd because Appellant gave M.M. extra attention "materialistically."  For instance, Appellant regularly took M.M. to the beautician.  M.M. also

---

[3] All residences are located in Brazos County.

had nice clothes and wore nails. M.M. testified that Appellant began paying for her hair styling and nails when she was twelve years old. He also bought her clothes, as well as a car and phone when she grew older. Amanda Paris, a Bryan Police Department detective, testified that grooming sometimes involves material things such as those received by M.M. from Appellant. And Ashleigh Thomas, a forensic interviewer at Scotty's House Child Advocacy Center, also described grooming as consistent with the way Appellant reportedly treated M.M.

Detective Paris further testified that M.M.'s school records reflected absences in January and February 2013. These dates were consistent with the dates M.M. reported to police in 2021 as the dates the assaults first occurred.

When Detective Paris spoke with Appellant, he admitted having a sexual relationship with M.M. However, he claimed the relationship began after M.M. became an adult. Ken Sikes, a forensic analyst with the Brazos County District Attorney's Office, testified that a forensic download of Appellant's phone disclosed a series of text messages between Appellant and M.M in 2017 and 2018. Those texts included messages referring to sexual behavior between Appellant and M.M. before she became an adult. In one message, Appellant told M.M. to clean up her phone, which Sikes explained meant to scrub her phone of anything incriminating or embarrassing. There were also messages about withholding gifts if M.M. resisted, which is also consistent with Thomas's testimony regarding grooming.

After reviewing all the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient. M.M.'s testimony is evidence of the assault, and although not required, it is supported by corroborating circumstantial evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1). Appellant concedes that M.M.'s testimony is sufficient; however, he argues that her testimony is not credible. It is the jury's province to determine the credibility of the child victim and other witnesses and the weight to be given to that evidence, and we may not substitute our own credibility determination for that of the trier of fact. *See **Saxton v. State***, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). We are satisfied that a rational jury could find the essential elements of the offense beyond a reasonable doubt and that the evidence is legally sufficient to support the verdict. *See **Brooks***, 323 S.W.3d at 898-99. We overrule Appellant's sole issue.

4

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.


**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*


(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2024**

**NO. 12-24-00096-CR**

**DONALD MIMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 85th District Court

of Brazos County, Texas (Tr.Ct.No. 22-02058-CRF-85)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*